

# Exhibit A
# Separator

COMMON PLEAS COURT

2020 JUL -6 PM 4: 11

FILED
DAVID B. WADSWORTH
MEDINA COUNTY
CLERK OF COURTS

**IN THE COURT OF COMMON PLEAS**
**MEDINA COUNTY, OHIO**

| | |
|---|---|
| **BRUNSWICK HILLS GOLF CLUB, INC.,**<br>4950 Center Road<br>Brunswick Hills, Ohio 44212, | ) <br> ) <br> ) |
| | ) |
| and | ) |
| | ) |
| **JAMES R. and JOHN E. POSPISHIL,**<br>1654 Substation Road<br>Brunswick Hills, Ohio 44212, | ) <br> ) <br> ) |
| | ) |
| and | ) |
| | ) |
| **FREDERICK M. AND LAURIE M.**<br>**LORIA, TRUSTEES OF THE LORIA**<br>**FAMILY TRUST AGREEMENT,**<br>1770 Substation Road<br>Brunswick Hills, Ohio 44212, | ) <br> ) <br> ) <br> ) <br> ) |
| | ) |
| and | ) |
| | ) |
| **TERRY PROPERTIES, LTD.,**<br>3715 Turnberry Drive<br>Medina, Ohio 44256, | ) <br> ) <br> ) |
| | ) |
| and | ) |
| | ) |
| **PALMIERI BUILDERS, INC.,**<br>5201 Richmond Road, Suite 1<br>Bedford Heights, Ohio 44146, | ) <br> ) <br> ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| and | ) |
| | ) |
| **STATE OF OHIO,** *ex rel.*<br>**BRUNSWICK HILLS GOLF CLUB, INC.**<br>4950 Center Road<br>Brunswick Hills, Ohio 44212, | ) <br> ) <br> ) <br> ) |
| | ) |
| And | ) |
| | ) |

CASE NO. **20CIV0487**

**COMPLAINT FOR DECLARATORY**
**JUDGMENT, MONETARY,**
**INJUNCTIVE, AND OTHER RELIEF,**
**AND PETITION FOR WRIT OF**
**MANDAMUS**

**JOYCE V. KIMBLER, JUDGE**

4625716.4

7/6/2020 3:59:49 PM    Winkleman, Madeleine C.    216.592.5000    Page 5

| | |
|---|---|
| **STATE OF OHIO,** *ex rel.* | ) |
| **JAMES R. and JOHN E. POSPISHIL,** | ) |
| 1654 Substation Road | ) |
| Brunswick Hills, Ohio 44212, | ) |
| | ) |
| and | ) |
| | ) |
| **STATE OF OHIO,** *ex rel.* | ) |
| **FREDERICK M. AND LAURIE M.** | ) |
| **LORIA, TRUSTEES OF THE LORIA** | ) |
| **FAMILY TRUST AGREEMENT,** | ) |
| 1770 Substation Road | ) |
| Brunswick Hills, Ohio 44212, | ) |
| | ) |
|       Relators, | ) |
| | ) |
|     -v- | ) |
| | ) |
| **BRUNSWICK HILLS TOWNSHIP,** | ) |
| **OHIO,** | ) |
| 1918 Pearl Road | ) |
| Brunswick, Ohio 44212, | ) |
| | ) |
|       Defendant / Respondent. | ) |
| | ) |
| With a Copy To: | ) |
| | ) |
| **DAVE YOST** | ) |
| **ATTORNEY GENERAL OF OHIO** | ) |
| 30 East Broad Street, 14th Floor | ) |
| Columbus, Ohio 43215 | ) |

Now comes Plaintiffs/Relators Brunswick Hills Golf Club, Inc. ("BHGC"), James R. and John E. Pospishil (collectively, "Pospishils"), Frederick M. and Laurie M. Loria, Trustees of the Loria Family Trust Agreement (collectively, "Lorias") and Plaintiffs, Terry Properties, Ltd. ("Terry") and Palmieri Builders, Inc. ("Palmieri") (Terry, Palmieri, BHGC, Pospishils, and Lorias collectively referred to as "Plaintiffs"), by and through counsel, and for their Complaint against Defendant/Respondent Brunswick Hills Township, Ohio ("Township"), hereby allege and state as follows:

2

4625716.4

## THE PARTIES

1.       BHGC is a corporation duly organized under the laws of Ohio and owns certain real property known as Medina County, Ohio Permanent Parcel Nos. 001-02C-02-007, 001-02C-05-002, 001-02C-05-003, and 001-02C-05-009 (collectively, "BHGC Property").

2.       The Pospishils are individuals who own certain real property known as Medina County, Ohio Permanent Parcel No. 01-02C-05-004 ("Pospishil Property").

3.       The Lorias are Trustees of the Loria Family Trust Agreement and own in such capacity certain real property known as Medina County, Ohio Permanent Parcel Nos. 001-02C-08-004 and 001-02C-08-005 (collectively, "Loria Property").

4.       Terry is a limited liability company duly organized under the laws of Ohio and has an interest in the Pospishil Property and the Loria Property.

5.       Palmieri is a corporation duly organized under the laws of Ohio and has an interest in the BHGC Property.

6.       Relators, State of Ohio *ex rel.* BHGC, Pospishils, and Lorias bring this action in the name of the State of Ohio requesting a Writ of Mandamus to compel Respondent to commence appropriation proceedings in the Medina County Court of Common Pleas so that the Court can determine the amount of compensation that Respondent must pay for taking their respective interests in the BHGC Property, Pospishil Property, and Loria Property (collectively referred to as "Property") that is at issue in this matter.

7.       Defendant/Respondent Brunswick Hills Township, Ohio is an Ohio township organized and existing under the laws of the State of Ohio.

8.       Dave Yost is the Attorney General of the State of Ohio and is named solely for purpose of notice pursuant to Ohio Revised Code Section 2721.12.

3

## JURISDICTION AND VENUE

9.      This Court has jurisdiction to determine (a) whether the Township's Zoning Resolution is constitutional on its face and/or as applied to the Property; (b) whether the Township's actions in denying Terry's request for an expansion of the Planned Mixed Use Overlay ("PMUO") District is constitutional; (c) whether the current R-R Rural Residential and R-1 Residential zoning classifications as applied to the Property is a taking; and (d) whether the actions of the Township relating to Terry constitute a taking of the Property through a declaratory judgment under Ohio Revised Code Section 2721.03 and Ohio R. Civ. P. 57.

10.     This Court has jurisdiction over the Petition for Writ of Mandamus under Ohio Rev. Code Section 2731.02.

11.     This Court has jurisdiction over all remaining civil matters under Ohio Rev. Code Section 2305.01.

12.     This Court is the proper venue under Ohio R. Civ. P. 3(C)(3) because the Defendant/Respondent's activities that gave rise to the claim for relief took place in Brunswick Hills Township, Ohio and under Ohio R. Civ. P. 3(C)(2) since Defendant/Respondent's principal place of business is located in Brunswick Hills Township, Medina County, Ohio and under Ohio R. Civ. P. 3(C)(5) because the Property is situated in the Brunswick Hills Township, Medina County, Ohio and under Ohio R. Civ. P. 3(C)(6) because all or part of the claim for relief arose in Brunswick Hills, Medina County, Ohio.

13.     As rezoning of the Property at issue is a legislative function, there are no administrative remedies for Plaintiffs to exhaust, attempting administrative remedies would be wholly futile, and/or the available administrative remedies, if any, would be onerous or unusually expensive.

4

4625716.4

14.     Terry filed an application for rezoning by way of an expansion of the PMUO District to rezone the Property from R-R Rural Residential Zoning and R-1 Residential Zoning to PMUO District, which was denied by the Township.

## BACKGROUND

15.     The Property consists of seven parcels and is mostly zoned as a R-R Rural Residential district, while a small portion abutting Center Road is split zoned as R-1 Residential zoning district.

16.     The R-R Rural Residential zoning district only allows single family detached dwellings on two acre lots at a density of .5 units per acre and roadside stands as the principally permitted uses.

17.     The Property is located on the south side of Center Road and the west side of Substation Road.

18.     Center Road is a commercial corridor frequented by heavy truck and commercial traffic.

19.     The Property is located near industrially zoned property and commercially zoned property to the east.

20.     The Property is near higher density residential developments to the north with densities ranging from 1.7 to 2.7 units per acre.

21.     The Property is near higher density residential development in the current PMUO district immediately to the west with densities ranging from 4 plus units per acre for attached units and 2.6 to 3.2 units per acre for single family detached units.

5

22.    The adopted version of the Township's Comprehensive Plan ("Comprehensive Plan") recommends the land use for the area with frontage on Center Road as mixed use commercial development.

23.    The R-1 Residential zoning applies to the portion of the Property with frontage on Center Road.

24.    Section 402-1 of the Township's Zoning Resolution ("Resolution") indicates that the R-R Rural Residential District "is established to provide for detached single-family dwellings on large lots with very low densities in a semi-rural atmosphere in locations consistent with and in furtherance of the vision and recommendations contained in the Comprehensive Land Use Plan in order to preserve the established character and nature of the Township . . . [and] to preserve significant areas of open space, retain rural vistas, and limit the density of development consistent with the rural nature of the Township and its public facilities, services, and infrastructure."

25.    The portion of the Property zoned R-R Rural Residential is not in an area of semi-rural atmosphere, is surrounded by higher density residential developments, and has access to nearby water and sewer.

26.    Section 406-1 of the Township's Zoning Resolution ("Resolution") indicates that the PMUO District "is to recognize and accommodate, through a unified plan, creative and imaginative mixed-use developments that enable expanded economic development opportunities in the township in ways that provide for a proper transition from the mixed-use development to any adjacent residential uses . . . [and that] mixed-use developments shall include a mix of commercial and residential uses with a flexible arrangement and spacing of buildings."

6

27.    The PMUO District is appropriate for the Property given Center Road is a commercial corridor, given the more intense commercial and industrial uses east of the Property, the higher density residential developments to the north of the Property, and the PMUO District to the west of the Property.

28.    Section 406.3 of the Township Zoning Resolution specifically identifies Center Road as a major road where a PMUO District is appropriate.

29.    The Property is one of the few undeveloped properties in the Township that can satisfy the PMUO District requirements.

30.    Unlike the other PMUO District zoned properties, the Property is much closer to higher density residential developments in the Township and very high density residential developments in the City of Brunswick, which is in close proximity to the Property.

31.    The Township Zoning Resolution specifically designates certain areas where a PUMO is appropriate and the Property is located in such areas.

32.    On or about August 2, 2019, Terry submitted an application to expand the current existing PMUO District to the west of the Property to include portions of the Property in addition to other adjacent properties ("Application").

33.    The Medina County Planning staff recommend approval of the Application.

34.    Medina County Planning Commission recommended approval of the Application.

35.    The Township Zoning Commission recommended denial, despite the recommendation of Medina County Planning staff and Commission, and despite the extensive testimony of expert planners Kris Hopkins that the Application was appropriate and property from a land use and zoning perspective and the current zoning inappropriate.

4625716.4

36.    On December 10, 2019, the Township Board of Trustee denied the Application, despite the recommendation of Medina County Planning staff and Commission and despite the extensive testimony of expert planner David Hartt, who actually wrote the PMUO District language when it was adopted, that the Application was appropriate and property from a land use and zoning perspective and the current zoning inappropriate.

37.    In an effort to exhaust administrative remedies, on March 31, 2020, Terry and Palmieri – as potential purchasers and authorized representatives of the Property owners – applied for variances on the form provided by the Township to allow a use variance for the northerly portion of the Property abutting Center Road to allow certain specific uses, including office and retail uses, and to allow area variances on the remaining portions of the Property ("Original Variance Application").

38.    Along with the Original Variance Application, Terry and Palmieri submitted the $400.00 variance application fee as set forth in the Township's website.

39.    That same day, the Township's zoning inspector, Evelyn Czyz ("Ms. Czyz"), refused to accept the Original Variance Application for a litany of improper reasons that were not set forth in the Ohio Revised Code, Township's Zoning Resolution, variance application form, or the Township's website.

40.    Ms. Czyz refused to accept the Original Variance Application by indicating the request was for a map amendment because the Original Variance Application requested a change in use, even though the Township's Zoning Resolution and the Ohio Revised Code allows for use variances.

8

4625716.4

41.     Ms. Czyz refused to accept the Original Variance Application because the application fee, according to her, was $500.00, not $400.00 as indicated on the Township's website despite the fact that the Resolution did not specify the application fee.

42.     Ms. Czyz refused to accept the Original Variance Application because she indicated that two separate applications needed to be submitted along with two separate fees, totaling $1,000.00, despite the fact that Terry and Palmieri, as authorized agents of owners and buyers, were the same application and the project involved portions of the same Property.

43.     Ms. Czyz refused to accept the Original Variance Application because it did not contain notarized signatures of the actual owners, despite the fact that on the application the applicant singed and such signature was notarized and confirm on the application that the applicant was an authorized agent of owners and potential buyers, and despite the fact that there is no requirement in the Township's Zoning Resolution or Ohio law that only the owner, and not authorized representatives, must sign and such signature must be notarized.

44.     Counsel for the applicants under the Original Variance Application objected in writing to Ms. Czyz improper rejection and requested a hearing be immediately scheduled.

45.     No hearing on the Original Variance Application, and no response to the written objection, was ever provided by the Township.

46.     Additionally, at the December 10, 2019 meeting there was extensive testimony by experienced real estate developers and builders supporting the rezoning of the Property, including the fact that the existing zoning does not provide for an economically viable use and does not substantially advance any legitimate governmental purpose.

47.     As a direct and proximate result of the Township application of the R-R and R-1 zoning, denial of the Application, and refusal to follow the recommendations of the Medina

9

4625716.4

County Planning Commission, Plaintiffs have been unable to utilize the Property in an economically viable manner and have been denied their right to just compensation, equal protection and due process of law as guaranteed by the Ohio and United States Constitutions.

48.     As a further result of Township's application of the R-R and R-1 zoning, denial of the Application, and refusal to follow the recommendations of the Medina County Planning Commission, Plaintiffs have incurred damaged that upon information and belief exceed $1,000,000.00, in addition to costs and expenses, including but not limited to attorneys' fees.

49.     Plaintiffs' damages are expected to continue into the future.

## COUNT I

### (Declaratory Judgment – Substantive Due Process – Zoning)

50.     Plaintiffs incorporate all prior allegations contained in this Complaint as if fully rewritten herein.

51.     A controversy exits between Plaintiffs and the Township as to the application of the Zoning Resolution as it pertains to the Property.

52.     Under Ohio Revised Code Section 2721.03, Plaintiffs are entitled to a declaration by this Court that the Zoning Resolution at issue is unconstitutional under the Ohio and United States Constitutions because the R-R and R-1 zoning, as applied to the Property and on its face, is arbitrary and unreasonable and without substantial relation to a legitimate public interest under the Ohio Constitution and does not substantially advance a legitimate public interest under the United States Constitution.

53.     Under Ohio Revised Code Section 2721.03, Plaintiffs are entitled to (a) a declaration from this Court that the Property's current R-R and R-1 zoning is unconstitutional as applied to the Property and on its face under the Ohio Constitution; (b) a declaration from this

10

Court that the Property's current R-R and R-1 zoning is unconstitutional as applied to the Property and on its face under the United States Constitution; and (c) an Order from this Court directing the Township to rezone the Property in a constitutional manner within a reasonable period of time not to exceed 60 days after such Order. If the Township fails to act, the Court should Order the Township to expand the PMUO District as set forth in the Application and enjoin the Township from interfering with those uses.

## COUNT II

### (Declaratory Judgment – Substantive Due Process – Denial of Application)

54.     Plaintiffs incorporate all prior allegations contained in this Complaint as if fully rewritten herein.

55.     A controversy exists between the parties as to the Township's denial of the Application to expand the PMUO District.

56.     Under Ohio Revised Section 2721.03, Plaintiffs are entitled to a declaration from this Court that the Township's decision to deny the Application is unconstitutional under the Ohio and United States Constitutions because the decision is arbitrary and unreasonable and without substantial relation to the Township's public interest under the Ohio Constitution and does not advance any legitimate public interest under the United States Constitution.

57.     Under Ohio Revised Code Section 2721.03, Plaintiffs are entitled to (a) a declaration from this Court that the denial of the Application is unconstitutional as applied to the Property under the Ohio and United States Constitutions, and (b) an Order from this Court directing the Township to grant the Application and expand the PMUO District and enjoin the Township from interfering with such uses.

11

## COUNT III

### (Declaratory Judgment – Equal Protection)

58.    Plaintiffs incorporate all prior allegations contained in this Complaint as if fully rewritten herein.

59.    The Ohio and United States Constitutions ensure that no citizen can be subject to intentional and arbitrary discrimination by Ohio or any political subdivision of Ohio, whether occasioned by the express terms of a resolution or by its improper execution through duly constituted agents.

60.    The Township has permitted PMUO District uses on substantially similar property to the Property in close proximity to the Property.

61.    The Township has permitted higher density residential development on substantially similar property to the property in close proximity to the Property.

62.    The Township has intentionally treated the Property differently than other substantially similar properties by denying the PMUO District expansion and uses on the Property.

63.    There is no legitimate proper governmental purpose that is being advanced by allowing PMUO District uses and higher density residential uses on similarly situated property but not the Property.

64.    Under Ohio Revised Code Section 2721.03, Plaintiffs are entitled to a declaration by this Court that the Zoning Resolution at issue is unconstitutional under the Ohio and United States Constitutions because the zoning, as applied to the Property, is arbitrary and unreasonable and violates Plaintiffs' right to equal protection under the Ohio and United States Constitutions.

12

65.     Under Ohio Revised Code Section 2721.03, Plaintiffs are entitled to a declaration by this Court that the Township's decision to deny the PMUO District expansion Application and maintain the current zoning is unconstitutional under the Ohio and United States Constitutions because the decision to deny the Application, as applied to the Property, is arbitrary and unreasonable and violates Plaintiffs' right to equal protection under the Ohio and United States Constitutions.

66.     Under Ohio Revised Code Section 2721.03, Plaintiffs are entitled to (a) a declaration from this Court that the Property's current R-R and R-1 zoning as applied to the Property violates Equal Protection and is unconstitutional under the Ohio and United States Constitutions, and that the decision to deny the Application was unconstitutional as applied under the Ohio and United States Constitutions, and (b) an Order from this Court directing the Township to grant the Application and expand the PMUO District consistent with uses permitted on other substantially similar properties, and enjoin the Township from interfering with such uses.

## COUNT IV

### (Declaratory Judgment – Takings)

67.     Plaintiffs incorporate all prior allegations contained in this Complaint as if fully rewritten herein.

68.     An actual controversy exists between Plaintiffs and the Township regarding whether the current R-R and R-1 zoning classification as applied to the Property is a taking.

69.     The Property's current R-R and R-1 zoning classification destroys the Property's value to such an extent that it is a total and/or partial regulatory taking of the Property without due process of law and without just and reasonable compensation.

13

70.    The Township, by denying the Application, has infringed upon Plaintiffs' fundamental property rights to the point that there is no economically viable use for the Property and/or that such infringement is so severe as to constitute a total and/or partial regulatory taking of the Property.

71.    Using the Property for any permitted or conditional use in the R-R and R-1 zoning classification is not economically viable due to the Property's location, size, shape, and the uses of similar properties in the surrounding area.

72.    Under Ohio Revised Code Section 2721.03, Plaintiffs are entitled to a declaration by this Court that the R-R and R-1 zoning classification at issue, as applied to the Property, is a total and/or partial regulatory taking under Article I, Section 19 of the Ohio Constitution and the Fifth Amendment to the United States Constitution for which Plaintiffs' are entitled to just compensation from the Township.

## COUNT V

### (Mandamus – Inverse Condemnation)

73.    Plaintiffs incorporate all prior allegations contained in this Complaint as if fully rewritten.

74.    Under Article I, Section 19 of the Ohio Constitution and the Fifth Amendment to the United States Constitution, Plaintiffs have a clear right to receive compensation from the Township for the taking of the Property by continuing to enforce the burdensome R-R and R-1 zoning classification on the Property.

75.    The Township has deprived Plaintiffs of all or most economically viable use of the Property, in excess of $1,000,000.00 of value, by unconstitutionally applying the Zoning Resolution in a manner that constitutes a taking.

14

76.   By depriving Plaintiffs of all or most economically viable use of the Property, in excess of $1,000,000.00, the Township has diminished the Property's value, which value will not be restored until the Property is rezoned in a constitutional manner.

77.   As compensation, Plaintiffs are entitled to recover the amount by which the Township has diminished the Property's value, in excess of $1,000,000.00, from the date of such taking through the date that the Township rezones the Property in a constitutional manner.

78.   The Township is under a clear legal duty to commence appropriation proceedings in the Medina County Court of Common Pleas so that the Court can determine the amount of compensation the Township must pay for taking the Property.

79.   Plaintiffs have no plain and adequate remedy in the ordinary course of law to require the Township to compensate it fairly for the losses that it has incurred and will continue to incur for the Township's taking the Property.

## COUNT VI

### (Injunctive Relief)

80.   Plaintiffs incorporate all prior allegations contained in this Complaint as if fully rewritten.

81.   By applying the unconstitutional R-R and R-1 zoning to the Property, the Township has violated and will continue to violate Plaintiffs' right to substantive due process.

82.   Unless this Court enjoins the Township from enforcing the current unconstitutional R-R and R-1 zoning on the Property, the Township will continue to interfere with Plaintiffs' constitutionally protected property rights, causing irreparable harm to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

15

83.    Plaintiffs are entitled to temporary and permanent injunctive relief enjoining the Township from maintaining or enforcing the Property's current unconstitutional R-R and R-1 zoning.

## COUNT VII

### (42 U.S.C. Section 1983)

84.    Plaintiffs incorporate all prior allegations contained in this Complaint as if fully rewritten.

85.    The Township's violation of Plaintiffs' substantive due process, due process, and Fifth Amendment just compensation rights arose as a direct consequence of the policy and custom of the Township, including but not limited to the policy and custom of ignoring the recommendations of the Comprehensive Plan, ignoring the recommendations of the County Planning Commission, ignoring the recommendations of the planning expert that drafted the PMUO District regulations, refusing to accept the Original Variance Applications, charging excessive fees, imposing unwritten and un-adopted rules, and ignoring the very language of the Zoning Resolution, as carried out by the actions of the Township Zoning Commission, Township Trustees, and the Zoning Inspector.

86.    The Township has no adequate remedy at law to secure relief from the Township's actions.

87.    As a direct and proximate result of the Township's violation of Plaintiffs' constitutional rights, Plaintiffs have been damaged in excess of $1,000,000.00, and will continue to suffer damage, as alleged herein.

16

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following:

A.     The Court enter a declaratory judgment order under Ohio Rev. Code Chap. 2721 declaring the Property's existing R-R and R-1 zoning is unconstitutional as applied to the Property for violating substantive due process and equal protection;

B.     The Court enter an order notifying the Township that is must rezone the Property in a constitutional manner within a reasonable period of time not to exceed 60 days after such order, and further notifying the Township that if it fails to rezone the Property within 60 days, the Court will rezone the Property to permit the expansion of the PMUO District zoning classification as set forth in the Application and enjoin the Township from interfering with such use;

C.     The Court enter a declaratory judgment order under Ohio Rev. Code Chap. 2721 declaring that the Township's actions applying the existing R-R and R-1 zoning to the Property are a taking as defined by the Ohio and United States Constitutions requiring just compensation;

D.     The Court issue a Writ of Mandamus under Ohio Rev. Code Chap. 2731 directing the Township to appropriate the property and pay Plaintiffs just compensation in an amount that a jury determines at a trial for damages but believed to be in excess of $1,000,000.00;

E.     The Court preliminarily and permanently enjoin the Township from depriving Plaintiffs of their constitutionally protected property rights and from enforcing the Property's current R-R and R-1 zoning;

F.     The Court award damages to Plaintiffs against the Township for the violations under 42 U.S.C. Section 1983 in an amount exceeding $1,000,000.00 but yet to be determined.

17

4625716.4

7/6/2020 4:00:21 PM     Winkleman, Madeleine G.     216.592.5009     Page 21

G.  The Court award Plaintiffs all costs incurred in this action, including but not limited to reasonable attorneys' fees under 42 U.S.C. Section 1983, and any other relief as the Court may deem equitable, just, or proper.

Respectfully submitted

_____
John P. Slagter #0055513
Anthony R. Vacanti #0080834
Tucker Ellis LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113
Phone:  216-592-5000
Fax:  216-592-5009
Email: John.Slagter@tuckerellis.com
        Tony.Vacanti@tuckerellis.com

*Attorneys for Plaintiffs/Relators*

4625716.4



**Ohio Township Association Risk Management Authority**
(A Local Government Risk Pool)

## LEGAL DEFENSE AND CLAIM PAYMENT AGREEMENT

## DECLARATIONS

This Agreement is issued under and pursuant to the terms, conditions, covenants and stipulations of the Intergovernmental Contract dated 05/24/2011 between the Member stated herein and Ohio Township Association Risk Management Authority (hereinafter, the Pool). All terms and conditions of said contract are incorporated herein by reference. In the event that any provision of this Agreement is in conflict with or is inconsistent with the Intergovernmental Contract, the terms and conditions of such Intergovernmental Contract shall prevail and take precedence to the extent of such conflict or inconsistency.

GIVE WRITTEN NOTICE OF ANY SITUATION LIKELY TO
RESULT IN A CLAIM HEREUNDER TO

OHIO TOWNSHIP ASSOCIATION RISK MANAGEMENT AUTHORITY
6500 Taylor Road
Suite B
Blacklick, OH 43004

|  |  |
|---|---|
| NAMED MEMBER: | Brunswick Hills Township, Medina County |
| MEMBER NUMBER: | 0718 |
| MAILING ADDRESS: | 1918 Pearl Road<br>Brunswick Hills, OH 44212 |
| EFFECTIVE DATE: | Commencing at 12:01 A.M. on the effective date indicated on the Schedule of Coverages until the end of the Agreement Period as defined in LDCP 0101 or until terminated in accordance with the Intergovernmental Contract. |

FORMS ATTACHED:

| Form Number | Description | Revision Date |
|---|---|---|
| LDCP 0101 | Legal Defense and Claim Payment Agreement | 04/2018 |
| LDCP 0205 | Broad Legal Defense Fund Coverage | 01/2016 |
| LDCP 0225 | Moral Obligation to Pay Coverage | 01/2016 |
| LDCP 0240 | Pollution Liability Coverage Chlorine | 01/2016 |
| LDCP 0245 | Pollution Liability Coverage Fire Department Training Activities | 01/2016 |
| LDCP 0250 | Pollution Liability Coverage Fire Department Emergency Operations | 01/2016 |
| LDCP 0255 | Pollution Liability Coverage Pesticides and Herbicides | 01/2016 |
| LDCP 0260 | Pollution Liability Coverage Anti-Skid Material Storage and Application | 01/2016 |
| LDCP 0265 | Pollution Liability Coverage Sewer Backup | 01/2016 |
| LDCP 0275 | Pollution Liability Coverage Underground Gasoline, Diesel, and Fuel Oil Storage Tanks | 01/2016 |
| LDCP 0298 | Fungi or Bacteria Coverage | 01/2016 |
| LDCP 0310 | Additional Party Endorsement | |

Countersigned:    08/23/2019    By: _____

THIS LEGAL DEFENSE AND CLAIM PAYMENT AGREEMENT REPLACES ALL PREVIOUSLY ISSUED RISK SHARING CERTIFICATES FOR THIS COVERAGE AND IS NOT IN ADDITION THERETO



## Legal Defense and Claim Payment Agreement – Schedule of Coverages
## Brunswick Hills Township, Medina County

| Coverage | Effective Date | Retroactive Date | Limit | Deductible |
|---|---|---|---|---|
| **Legal Liability for Automobile Claims** | **4/1/2019** | **4/1/2019** | **$4,000,000** | **$0** |
| Covered Pollution Cost or Expense for Automobiles | 4/1/2019 | 4/1/2019 | 4,000,000 | 0.00 |
| Uninsured and Underinsured Motorist Per Person | 4/1/2019 | 4/1/2019 | $100,000 | $0 |
| Uninsured and Underinsured Motorist Per Occurrence | 4/1/2019 | 4/1/2019 | $100,000 | $0 |
| Medical Expenses - Automobile | 4/1/2019 | 4/1/2019 | $1,000 | $0 |
| **Legal Liability for General Liability Claims** | **4/1/2019** | **4/1/2019** | **$4,000,000** | **$0** |
| Appeal Bonds | 4/1/2019 | 4/1/2019 | Unlimited | $0 |
| Bail Bonds | 4/1/2019 | 4/1/2019 | Unlimited | $0 |
| Bonds to Release Property | 4/1/2019 | 4/1/2019 | Unlimited | $0 |
| Broad Legal Defense Fund | 4/1/2019 | 4/1/2019 | $5,000/$5,000 | $0 |
| Pre-Judgment Interest | 4/1/2019 | 4/1/2019 | Unlimited | $0 |
| Stop Gap | 4/1/2019 | 4/1/2019 | $4,000,000 | $0 |
| Good Samaritan | 4/1/2019 | 4/1/2019 | 4,000,000 | $0 |
| Medical Expenses - Other than Automobile | 4/1/2019 | 4/1/2019 | $5,000 | $0 |
| Medical Malpractice | 4/1/2019 | 4/1/2019 | $4,000,000 | $0 |
| Member Expenses | 4/1/2019 | 4/1/2019 | $10,000 | $0 |
| Moral Obligation to Pay | 4/1/2019 | 4/1/2019 | $2,500 | $0 |
| Post-Judgment Interest | 4/1/2019 | 4/1/2019 | Unlimited | $0 |
| Claim and Defense Expenses | 4/1/2019 | 4/1/2019 | Unlimited | $0 |
| Cyber Liability | 4/1/2019 | 4/1/2019 | $4,000,000 | $0 |
| Fungi or Bacteria Clean Up | 4/1/2019 | 4/1/2019 | $25,000 | $0 |
| Fungi or Bacteria Clean Up Aggregate | 4/1/2019 | 4/1/2019 | $50,000 | $0 |
| Fungi or Bacteria Injury | 4/1/2019 | 4/1/2019 | $25,000 | $0 |
| Fungi or Bacteria Injury Aggregate | 4/1/2019 | 4/1/2019 | $50,000 | $0 |
| Non-Monetary Relief Defense Expense | 4/1/2019 | 4/1/2019 | $50,000 | $0 |
| Pollution Liability Coverage - Pesticides | 4/1/2019 | 4/1/2019 | $250,000 | 0 |
| **Public Officials Wrongful Acts** | **4/1/2019** | **4/1/2019** | **$4,000,000** | **$500** |
| Employee Benefit Liability | 4/1/2019 | 4/1/2019 | $1,000,000 | $1,000 |
| Employment Expense | 4/1/2019 | 4/1/2019 | $4,000,000 | $0 |
| Employment Practices Wrongful Acts | 4/1/2019 | 4/1/2019 | $4,000,000 | $500 |



## Legal Defense and Claim Payment Agreement – Schedule of Coverages
## Brunswick Hills Township, Medina County

| | Effective Date | Retroactive Date | Limit | Deductible |
|---|---|---|---|---|
| **Legal Liability for Law Enforcement Claims** | 4/1/2019 | 4/1/2019 | $4,000,000 | $2,000 |

| Endorsements | Effective Date | Retroactive Date | Limit | Deductible |
|---|---|---|---|---|
| Anti-skid Material Storage and Application | 4/1/2019 | 4/1/2019 | $4,000,000 | $0 |
| Underground Gasoline, Diesel and Fuel Oil Storage Tanks Aggregate | 4/1/2019 | 4/1/2019 | $55,000 | $0 |
| Underground Gasoline, Diesel and Fuel Oil Storage Tanks Each Occurrence | 4/1/2019 | 4/1/2019 | $55,000 | $0 |
| Sewer Back-up | 4/1/2019 | 4/1/2019 | $1,000,000/$1,000,000 | $0 |
| Chlorine | 4/1/2019 | 4/1/2019 | $4,000,000 | $0 |
| Fire Department Pollution Coverage | 4/1/2019 | 4/1/2019 | $500,000 | $0 |
| Fire Department Training Activities | 4/1/2019 | 4/1/2019 | $4,000,000 | $0 |

LDCP 0100