# Exhibit C Separator

COPY 08/04/2020 01:32 3304996423 BAKER DUBLIKAR PAGE 02/12

COMMON PLEAS COURT
2020 AUG -4 PM 1:56
FILED
DAVID B. WADSWORTH
MEDINA COUNTY
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS
MEDINA COUNTY, OHIO

| | | |
|---|---|---|
| BRUNSWICK HILLS GOLF CLUB, INC., | ) | CASE NO: 20CIV0487 |
| Plaintiffs/Relators, | ) | JUDGE: KIMBLER |
| v. | ) | |
| BRUNSWICK HILLS TOWNSIHP, OHIO, | ) | **ANSWER OF DEFENDANT/ RESPONDENT** |
| Defendant/Respondent. | ) | |

The defendant/respondent ("defendant"), Brunswick Hills Township, Ohio, and , for its answer to the plaintiff's complaint, avers as follows:

**FIRST DEFENSE**

1. The plaintiff has failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**

2. Responding to paragraphs 1, 2, 3, 4, and 5 of the complaint, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, contained in said paragraphs.

3. Responding to paragraph 5 of the complaint, defendant admits only that the complaint purports to seek a writ of mandamus to compel defendant to commence appropriation proceedings, but denies the validity of such claims or any other inferences contained in said paragraph.

4. Defendant admits the allegations contained in paragraph 7 of the complaint.

COPY 04/2020 01:32 3304996423 BAKER DUBLIKAR PAGE 03/12

5. Responding to paragraph 8, defendant admits Dave Yost is the Attorney General of the State of Ohio but is otherwise without sufficient information to form a belief as to the truth of the matter of the remaining allegations contained in said paragraph.

6. In response to paragraphs 9, 10, 11, and 12 of the complaint, and without admitting the sufficiency or viability of any claim asserted in the complaint, defendant admit that this Court has jurisdiction to address the alleged claims for relief set forth in t the complaint and, further, that the venue of this action is proper. Defendants deny the sufficiency of the allegations contained in said complaint.

7. Responding to paragraph 13, defendant admits only that zoning is a legislative function and therefore a challenge to a zoning resolution, including zoning classification of a property, necessarily does not involve an exhaustion of administration remedies.

8. Responding to paragraph 14, defendant admits only that plaintiff/relator ("plaintiff") Terry submitted a rezoning application, and the application was denied by the Brunswick Board of Trustees in their legislative capacity.

9. Responding to paragraph 15 of the complaint, defendant admits the compliant has listed 7 parcels of property, and those parcels are zoned as R-R, although parcel no. 001-02C-05-009 is zoned R-R Rural Residential ("R-R") and R-1 Residential ("R-1").

10. Responding to paragraph, defendant admits only that the R-R district has limited lot sizes of 2 acres, and its permitted uses include single-family dwellings and roadside stands. Defendant denies the remaining allegations.

11. Responding to paragraph 17 of the complaint, defendant admits that the 7 parcels identified are located to the south of Center Road and to the west of Substation Road.

12. Defendant denies the allegations contained in paragraph 18 of the complaint.

2

13. Responding to paragraphs 19, 20, and 21 of the complaint, defendant admits only that the 7 parcels identified in the complaint are located in the general vicinity of other zoning districts, including I-1 Industrial, C-2 Community Commercial, R-1 Residential, and PMUO Planned Mix Use Overlay.

14. Responding to paragraph 22 of the complaint, defendant admits only that the 2005 Comprehensive Plan, which remains in effect, contains a map of a "preferred use" which suggests Mixed Use Commercial along Center Road, which encompasses only a small portion of the 7 parcels listed in the compliant.

15. Responding to paragraph 23 of the complaint, defendant admits only that the current land use plan reflects that the real property with frontage along Center Road is currently zoned for R-1 use.

16. Responding to paragraph 24, defendant admits only that the plaintiff reiterated parts of Section 402-1 of the Zoning Resolution.

17. Defendant denies the allegations contained in paragraph 25, as the existence of the R-R zoning classification demonstrates the area retains a semi-rural atmosphere.

18. Responding to paragraph 26 of the complaint, defendant admits only that the plaintiff accurately reiterated a portion of Section 406-1 of the Zoning Resolution.

19. Defendant denies the allegations contained in paragraphs 27, 28, 29, 30 and 31 of the complaint.

20. Responding to paragraph 32, defendant admits only that on or about August 2, 2019, Terry submitted a rezoning application to the Township to rezone from the current zoning classifications to PMUO. Defendant denies the remaining allegations contained in said paragraph.

21. Responding to paragraphs 33 and 34, defendant admits only that the Medina County Planning Commission, following a regular meeting recommended approval with modifications of the rezoning application.

22. Responding to paragraph 35 of the complaint, defendant admits only that following a public hearing in compliance with R.C. 519.12, the Brunswick Zoning Commission recommended denial of the rezone application.

23. Responding to paragraph 36 of the complaint, defendant admits only that following a public hearing in compliance with R.C. 519.12, the Brunswick Township Board of Trustees exercised their legislative judgment and denied the rezone application.

24. Responding to paragraphs, 37, 38, 39, 40, 41, 42, 43, 44, and 45 of the complaint, defendant admits only that Terry and Palmier Builders submitted documents purporting to be a use variance application, but the documents did not conform with the requirements for a use variance application as required by the Zoning Resolution, and therefore were not processed by the Zoning Inspector. The defendant denies the remaining allegations contained in said paragraphs.

25. Defendant denies the allegations contained in paragraphs 46, 47, 48, 49, 51, 52, 55, 56, 57, 59, 60. 61, 62, 63, 64, 65, 66, 68, 69, 70, 71, 72, 74, 75, 76, 77, 78, 79, 81, 82, 83, 85, 86, and 87.

26. Answering defendants incorporate all aforesaid responses, admissions, and/or denials in response to paragraphs 50, 54, 58, 67, 73, 80, and 84 of the complaint.

27. Defendant denies all allegations in the complaint not specifically admitted herein to be true.

### THIRD DEFENSE

28. The allegations in the complaint are barred by waiver, estoppel, consent, and/or laches.

### FOURTH DEFENSE

29. At all times material hereto, the defendants have exercised proper, discretionary and lawful authority, including authority conferred under the Ohio Revised Code, and have acted with the lawful privilege to do so.

### FIFTH DEFENSE

30. Because any alleged action, or inaction, of the defendants did not deprive the plaintiffs of all, or substantially all, economically viable use of the real property at issue in this action, the plaintiffs' alleged taking claims are barred and unenforceable herein.

### SIXTH DEFENSE

31. Any alleged action, or inaction, of the defendants was without any intent or purpose to commit the plaintiffs' property, or any portion thereof, for public use and, accordingly, the plaintiffs' alleged taking claims are barred and unenforceable in this action.

### SEVENTH DEFENSE

32. To the extent applicable to any theory advanced by the plaintiffs, defendants are entitled to immunity under Ohio law, including but not necessarily limited to sovereign immunity and pursuant to provisions of Ohio Revised Code 2744.01, et seq., and the common law of Ohio.

### EIGHTH DEFENSE

33. The claims alleged in the plaintiffs' complaint are barred, in whole or in part, as a result of the plaintiffs' own conduct, acts or omissions, including but not necessarily limited to

acquisition of the property (and use of the property) at issue in this case with knowledge, express, implied or constructive, of the zoning classifications thereof, and/or the acts or omission of others for whom the defendants are not liable or responsible.

### NINTH DEFENSE

34. Insofar as the plaintiffs have failed to mitigate or minimize damages, if any, sustained, the plaintiffs' claims are barred in this action.

### TENTH DEFENSE

35. The plaintiffs have no clear legal right to any order compelling appropriation, and the defendants are under no clear legal duty to appropriate land or compensate the plaintiffs under the facts of this case.

### ELEVENTH DEFENSE

36. At all times material hereto, the defendants acted in good faith and in accordance with lawful duties and pursuant to public legislative duties.

### TWELFTH DEFENSE

37. As none of the plaintiffs' parcels are within a Commercial zoning district, the plaintiffs' application for rezoning failed to meet the minimum requirements contained in the Brunswick Township Zoning Resolution and the defendants properly exercised their legislative authority to deny the rezoning application.

### THIRTEENTH DEFENSE

38. The defendants have not directly and proximately caused any substantial interference with any property interest of the plaintiffs and, accordingly, the plaintiffs' claims are without merit and should be denied and dismissed.

## FOURTEENTH DEFENSE

39. The current zoning classifications of the property at issue in this case, established by lawful legislative action of the defendant Board of Trustees, and pursuant to a legitimate governmental purpose, were and remain reasonable, and are entitled to deference and enforcement.

## FIFTEENTH DEFENSE

40. Defendants aver that the defendant Board of Trustees has a legitimate interest in promoting and preserving the development and preservation of lower density residential areas and properties within Brunswick Township as well as in preserving open space and recreational areas and, therefore, the plaintiffs are not entitled to any form of relief in the within action.

## SIXTEENTH DEFENSE

41. The plaintiffs do not possess any legitimate investment-backed expectations relating to the high density, prospective use of property asserted or proposed by plaintiffs.

## SEVENTEENTH DEFENSE

42. The plaintiffs' complaint fails to adequately allege a fundamental or clear legal right violated by any conduct, act or omission, of the defendants and, therefore, the alleged claim is barred, as a matter of law.

## EIGHTEENTH DEFENSE

43. Because the plaintiffs allege only the denial of an alleged state-defined land use right, the plaintiffs have failed to alleged a viable substantive due process claim or taking claim in this action, and the complaint must be dismissed.

## NINETEENTH DEFENSE

44. To the extent the plaintiffs purport to challenge any legislative act, the plaintiffs

7

have failed to state a cognizable substantive due process violation.

## TWENTIETH DEFENSE

45. The plaintiffs are not members of a protected class and, otherwise, have not stated a class of one claim because property conditions and locations are always unique; accordingly, any alleged claim of selective enforcement or violation of equal protection is barred, as a matter of law.

## TWENTY-FIRST DEFENSE

46. The claims alleged in the complaint are, or may be, barred by operation of the applicable statutes of limitations.

## TWENTY-SECOND DEFENSE

47. The plaintiffs' complaint is, or may be, barred and unenforceable on the grounds of election of remedies.

Respectfully submitted,

Gregory A. Beck (0018260)
Tonya J. Rogers (0090439)
BAKER, DUBLIKAR, BECK,
WILEY & MATHEWS
400 South Main Street
North Canton, Ohio 44720
Phone: 330-499-6000
Fax: 330-499-6423
E-mail: beck@bakerfirm.com
tonya@bakerfirm.com
Counsel for Defendant

## PROOF OF SERVICE

A copy of the foregoing was sent by email this 4th day of August, 2020 to:

John P. Slagter, Esq.
Anthony R. Vacanti, Esq.
Tucker Ellis LLP
950 Main Avenue
Suite 1100
Cleveland, Ohio 44113
*john.slagter@tuckerellis.com*
*tony.vacanti@tuckerellis.com*

*Copy also served to:*

Attorney General of Ohio
Dave Yost
30 East Broad St 14th Fl
Columbus, Ohio 43215

Gregory A. Beck
Tonya J Rogers
BAKER, DUBLIKAR, BECK,
WILEY & MATHEWS